**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DR. IRINA MIKOLAENKO,

        Plaintiff,

    -against-

NEW YORK UNIVERSITY,
NYU SCHOOL OF MEDICINE,
NYU LANGONE MEDICAL CENTER, and
DR. DAVID ZAGZAG, individually,

        Defendants.

---

Index No.: 16 - cv - 413

COMPLAINT

Plaintiff Demands
Trial by Jury

---

Plaintiff, DR. IRINA MIKOLAENKO ("Plaintiff" or "Mikolaenko"), by and through her attorneys, LEVINE & BLIT, PLLC, as and for her complaint against the defendants, NEW YORK UNIVERSITY, NYU SCHOOL OF MEDICINE, NYU LANGONE MEDICAL CENTER (the defendant institutions collectively called "NYU"), and DR. DAVID ZAGZAG ("Zagzag" or "defendant") (all party defendants collectively "defendants"), alleges upon information and belief:

## NATURE OF THE ACTION

1.    This action is brought to remedy discrimination and harassment based upon sex, national origin, and ethnicity, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New York State Human Rights Law ("NYSHRL" or "Executive Law") and the New York City Human Rights Code ("NYCHRL" or "Administrative Code").

2.     Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions; compensatory damages, including front and back pay; damages for emotional distress, mental anguish, and humiliation; punitive damages; reasonable attorneys' fees; and costs of this action to the fullest extent of the law.

## THE PARTIES

3.     Plaintiff is female medical doctor, born in Eastern Ukraine, and raised in the former Soviet Union. Plaintiff speaks Ukrainian, Russian, and English with a distinct Russian accent, and identifies herself as an ethnic Russian.  Plaintiff presently resides in Nassau County, New York.

4.     Defendant New York University is an educational and medical organization, which was incorporated in the state of New York.  New York University maintains a principal office in New York County, New York.

5.     Defendant New York University School of Medicine is a division of New York University, and an educational institution focusing in the area of medicine.   New York University School of Medicine maintains a principal office in New York County, New York.

6.     Defendant New York University Langone Medical Center is an affiliate of New York University and New York University School of Medicine, which identifies itself as a premier institution in healthcare, education and medical research.   New York University Langone Medical Center maintains a principal office in New York County, New York.

7.     At all times relevant to this Complaint, defendants maintained an employment relationship with fifteen (15) or more individuals, and are "employer(s)" within the meaning of applicable federal, state and local laws.

2

8.      At all times relevant to this Complaint, Plaintiff maintained the requisite experience, skills, or qualifications for her position of employment with defendants.

9.      At all times relevant to this Complaint, plaintiff's immediate supervisor, Zagzag, served as a supervisor with defendants, in a supervisory position over plaintiff, and, as such, were in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment with defendants.

10.     At all times relevant to this Complaint, defendants had knowledge that plaintiff was a female, Soviet Union born individual who identified herself as ethnic Russian.

11.     At all times relevant to this Complaint, plaintiff was an "employee" of defendants within the meaning of Title VII, the Executive Law and the Administrative Code.

12.     At all times relevant to this Complaint, plaintiff maintained the requisite experience, skills, and qualifications for her position with defendants, and satisfactorily performed her duties of employment with defendants.

## JURISDICTION AND VENUE

13.     Jurisdiction of this Court is appropriate, pursuant to 28 U.S.C.A. §§1331 and 1367.

14.     On October 27, 2015, Plaintiff received a "Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC"). (Exhibit "A").  Plaintiff has complied fully with all administrative and jurisdictional prerequisites and brings this action within ninety (90) days of receiving her Notice of Right to Sue from the EEOC.

3

15.     Venue of this Court is appropriate, pursuant to 28 U.S.C. §1391, because Defendants reside in the Southern District of the State of New York, which is where this Court is located.

## FACTUAL ALLEGATIONS

### *Facts Generally*

16.     Dr. Mikolaenko is a highly capable professional, and M.D.

17.     Among other things, plaintiff has completed two neuropathology fellowships at Johns Hopkins, and Harvard Medical School.

18.     Plaintiff has compiled over ten years' work experience, having earned praise from clinicians and pathology colleagues esteemed in her profession.

19.     Plaintiff was hired by defendants as an Assistant Professor (Clinical) in defendants' Department of Pathology, in or about July or August, 2008.

20.     Plaintiff worked continuously for defendants until her discriminatory and retaliatory termination on or about February 6, 2015.

21.     Throughout her employment tenure with defendants, plaintiff was an excellent employee, compiling a series of positive evaluations and regularly receiving praise with respect to her work product.  Despite her excellent qualification and work, defendants at all times kept plaintiff at a part-time position status, with part-time compensation, though she performed work for the hospital on a full-time basis.

4

***Facts Related to Sexual Harassment***

22.     Defendant Zagzag serves, and has served, as the Chief of NYU's Division of Neuropathology, along with various other professional titles

23.     Since her prior supervisor left NYU, Defendant Zagzag has been the sole person directly responsible for supervising plaintiff.

24.     Early on in her employment tenure with defendant, plaintiff was warned that Defendant Zagzag was a 'womanizer', that his lab was 'sexually charged', and that he wanted female employees to wear sexually provocative clothes.  Plaintiff was also told that Defendant Zagzag terminated a female employee several years earlier because the female employee refused to sleep with him.

25.     Since 2012, just about the moment plaintiff's prior supervisor left NYU, Defendant Zagzag began to harass plaintiff due to her sex, and subject plaintiff to a regular pattern of hostile work environment sexual harassment and quid pro quo sexual harassment.

26.     Defendant Zagzag made it be known to plaintiff that if plaintiff did not have sex with Zagzag, she would receive poor reviews and be terminated.

27.     Defendant Zagzag thereafter engaged in a regular pattern of making inappropriate sexual comments to plaintiff, and propositioning plaintiff for sex just about everyday from approximately 2012 onward, up through plaintiff's separation from employment in February, 2015.

28.     Defendant Zagzag would routinely tell plaintiff, in the workplace, that she looked 'good' and 'sexy', and that she had a 'pretty face'.  Defendant Zagzag would regularly compliment plaintiff's hair, breasts, skin, fragrance, hands and legs, especially if plaintiff were to wear a skirt to work.  Defendant Zagzag would regularly press his body against plaintiff when

5

discussing work issues. Defendant Zagzag would routinely ask plaintiff for sex, and tell plaintiff that her job security depended on sex.

29.     At some point during the relevant time period, plaintiff relented to Defendant Zagzag's persistent demands for sex, and threats that she would lose her job, fearing for her job security especially with financial pressures at home.  Plaintiff began an unwanted sexual relationship with Defendant Zagzag, her direct supervisor.

30.     Defendant Zagzag insisted on very specific sexual practices and encounters with plaintiff, as a requirement for Dr. Mikolaenko to keep her job.

31.     Defendant Zagzag insisted on oral sex, anal sex, in having plaintiff insert her finger into his anus, and in masturbating on plaintiff.  This happened numerous times during plaintiff's employment with defendants, from early 2013, up through mid-2014.

32.     As an example of the sexual harassment which plaintiff suffered, on or about May 9, 2014, Defendant Zagzag ordered plaintiff to NYU's lab late in the afternoon, knowing that the lab techs would no longer be in the lab after 6 pm.

33.     When plaintiff arrived, Defendant Zagzag demanded oral sex.

34.     As another example, on June 30, 2014, plaintiff was, again, pressured by Defendant Zagzag to engage in a sexual encounter with him.

35.     On that date, Defendant Zagzag was extremely aggressive and humiliating towards plaintiff, as he saw fit to masturbate on plaintiff, making her feel sick, and subjecting her to painful, harsh and aggressive sex.

36.     After that encounter, plaintiff had a breakdown.  She could not sleep, or eat.  She was extremely depressed and felt degraded by the treatment.

37.     Though plaintiff knew her job would be at risk, she determined from that point on, after the June 30, 2014 encounter, to avoid Defendant Zagzag at all costs.

38.     Zagzag continued to insist that the two go to Dr. Mikolaenko's apartment, or to go to a hotel, to have sex. Dr. Mikolaenko refused.

39.     Zagzag, then insisted that he and Dr. Mikolaenko have sex in NYU's offices. Several times, from approximately August, 2014, onward, Defendant Zagzag walked into plaintiff's office, closed the door, touched plaintiff, tried to kiss her, pulled down his zipper, exposed his penis, and propositioned plaintiff for sex, as if she was his property, and as if he controlled her.

40.     When coming to plaintiff's office for sex, Zagzag would tell plaintiff, among other things, that he gets 'an erection' even when he listens to her messages on the phone, and that he wears a white lab coat to cover his erection when he sees her.

41.     When coming to plaintiff's office, Defendant Zagzag told plaintiff that unless she had sex with him, she would get in trouble with the department Chair, and would receive a negative review that could cost her job.

42.     Plaintiff was fearful about complaining about Defendant Zagzag, her supervisor, because she feared that her professional reputation would be ruined permanently at the hospital, and outside the hospital, if she complained about her supervisor and admitted that she was a victim of sexual harassment.

43.     In or around late 2014 or early 2015, plaintiff's annual evaluation was coming due. Defendant Zagzag specifically demanded oral sex in plaintiff's office, and if she did not perform oral sex, she would receive a poor evaluation to the Chair of the department, as her evaluation period for 2014 had commenced.

44. Zagzag said, "If you want to have a good evaluation, we need to have sex so that I can feel better discussing you with the Chair."

45 Zagzag, uninvited, quickly turned the lights off, placed a chair blocking the door to prevent anyone from coming into the office, unzipped his pants and demanded plaintiff have sex with him.

46. Approximately three weeks before her termination by respondent, Defendant Zagzag again entered plaintiff's office, closed the door and again propositioned her for sex.

47. Dr. Mikolaenko demanded that Dr. Zagzag immediately cease his sexual advances permanently, and refused to have any sexual contact with him.

48. Approximately one week later, Dr. Mikolaenko was terminated for not having sex with defendant Zagzag.

49. Due to the severe emotional distress that she was experiencing throughout 2014, and 2015, due to Zagzag's harassment, plaintiff suffered extreme emotional distress, anxiety, depression, sleeplessness and paranoia, and debilitating and unbearable panic attacks. Also, plaintiff's family relationships and personal relationships rapidly deteriorated.

*Facts Related to Discrimination, Harassment and Hostile Work Environment based upon National Origin, Ethnicity and Gender*

50. At all times relevant to this Complaint, Ms. Christina Baranetsky was part of Dr. Cangiarella's staff, and had been employed by the Department of Pathology since 2008. Upon information and belief, Ms. Baranetsky is a Ukrainian nationalist supporter, who loathed Dr. Mikolaenko's Russian ethnicity and accent due to geopolitical conflicts between the Ukraine and Russia, and blatantly discriminated against plaintiff throughout their mutual employment.

51.    Ms. Baranetsky harassed Dr. Mikolaenko about ethnic Ukrainian issues that were at no time work related. On November 27, 2013, specifically, Ms. Baranetsky emphasized that she *"hates Russian Moskali"*, and that she supports Ukrainian extremism, in order to demean Dr. Mikolaenko.

52.    Upon information and belief, Ms. Baranetsky fired other staff for *"just disliking them for their Russian language"*.

53.    As Dr. Mikolaenko spoke with a slight Russian accent, she was the constant target of Ms. Baranetsky's discrimination and harassment.

54.    In or about May, 2012, Ms. Baranetsky requested that Dr. Mikolaenko's office be moved for no legitimate reason, from her originally assigned office to a small closet-like room with no windows. The room was so small that it only provides space for a copy machine. The office had poor ventilation that has, even upon frequent requests from Dr. Mikolaenko, never been repaired. Further, the office was located in a very busy traffic area, so Dr. Mikolaenko was forced to wear noise cancelling headphones to focus on her work. Despite her numerous complaints, Dr. Mikolaenko was forced to occupy this small, closet-like space up to the end of her employment tenure.  Upon information and belief, Dr. Mikolaenko's former office remains unoccupied to this date.

55.    Due to Baranetsky's discriminatory animus against complainant, during complainant's entire employment tenure, Ms. Baranetsky, as well as the entire secretarial office of Dr. Cangiarella, were completely unapproachable whenever Dr. Mikolaenko asked for assistance.

56.    Dr. Mikolaenko complained about Ms. Baranetsky's discrimination and harassment on numerous occasions in person and via email.   Dr. Cangiarella, being Dr.

Mikolaenko's immediate supervisor, never resolved the problems and harassment of Ms. Baranetsky, and so impliedly granted Ms. Baranetsky free reign to harass plaintiff.

57.     Dr. Alfantis, as well, had been discriminating against Dr. Mikolaenko based upon her gender. Despite Dr. Mikolaenko's advanced expertise and training in her field, Dr. Alfantis favored his male colleagues, Dr. Zagzag and Dr. Snuderl, and gave them frequent opportunities to advance their career. In comparison, fewer opportunities were given to Dr. Mikolaenko.

58.     On one accession in January of 2015, Dr. Alfantis referred to Dr. Mikolaenko as 'stupid' in an email. Dr. Alfantis would not dare to treat his other, especially male colleagues in the same manner as Dr. Mikolaenko.

59.     Dr. Alfantis would also routinely send Dr. Mikolaenko emails and messages in the middle of the night. Again, Dr. Alfantis would not dare to treat male colleagues in the same manner as Dr. Mikolaenko.

### Facts Related to Retaliation and Unlawful Termination

60.     On or about January 26th, 2015, Dr. Mikolaenko submitted a protected complaint of employment discrimination to NYULMC.

61.     While Dr. Mikolaenko feared that her professional reputation and career would be destroyed if she included the extremely disturbing sexual harassment issues in the complaint, IM submitted a more benign complaint, solely complaining of discrimination based on national origin, ethnicity and gender.

62.     Plaintiff feared Defendant Zagzag, and the effect that her complaint would have on her career and professional reputation had she included the clearly provocative sexual harassment issues in such complaint.

10

63.    Plaintiff hoped that the basic complaint would be enough to provide her some protection, especially since she knew that Zagzag was trying to find a way to end her employment given that she now continually rebuffed his sexual advances, and since Zagzag showed such rage over plaintiff's recent meeting with Dr. Siegel.

64.    Rather than taking appropriate steps to protect Dr. Mikolaenko, and to ensure that she was subjected to no further discrimination in the workplace, the hospital did quite the contrary, by terminating her employment only a few days thereafter.

65.    Not only was the termination in retaliation for plaintiff's protected complaint, but Zagzag, plaintiff's direct supervisor, was clearly responsible for the termination due to plaintiff's refusal to have sex with him after mid-2014.

66.    The discriminatory, harassing and retaliatory acts taken against Dr. Mikolaenko are a direct violation of her workplace rights, and in violation of Title VII of the Civil Rights Act of 1964, as amended, the New York State Executive Law, and the New York City Human Rights Code.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Discrimination based upon Sex in Violation of Title VII)

67.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

68.    At all times relevant to this action, Defendants were an employer within the meaning of Title VII, and Plaintiff was an employee entitled to protection in her employment from discrimination based sex within the meaning of Title VII.

69.    But for Plaintiff being woman, and therefore a member of a protected class pursuant to Title VII, she would not have been subjected to discrimination based upon her sex.

11

70.    Plaintiff was qualified to hold her position of employment with Defendants and had satisfactorily performed the duties required by her position of employment with Defendants.

71.    Pursuant to the unlawful acts and practices of Defendants as alleged above, Plaintiff was mistreated in her employment due to her sex.

72.    Moreover, Plaintiff was terminated from her employment for no legitimate, non discriminatory reason, as alleged above.

73.    Defendants knew or should have known of the unlawful acts and practices as alleged above, yet failed to act promptly to prevent or end the harassment and discrimination.

74.    As a proximate result of Defendants' unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

75.    Defendants acted with malice and/or with reckless disregard for Plaintiff's statutorily protected civil rights, and, as such, Defendants should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.


### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
#### (Discrimination based upon Sex in Violation of NYSHRL)

76.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

77.     At all times relevant to this action, Defendants were an employer within the meaning of NYSHRL, and Plaintiff was an employee entitled to protection in her employment from discrimination based upon sex within the meaning of NYSHRL.

78.     But for Plaintiff being a woman, and therefore a member of a protected class pursuant to NYSHRL, she would not have been subjected to discrimination based upon her sex.

79.     Plaintiff was qualified to hold her position of employment with Defendants and had satisfactorily performed the duties required by her position of employment with Defendant.

80.     Pursuant to the unlawful acts and practices of Defendants as alleged above, Plaintiff was mistreated in her employment due to her sex.

81.     Moreover, Plaintiff was terminated from her employment for no legitimate, non discriminatory reason, as alleged above.

82.     Defendant knew or should have known of the unlawful acts and practices as alleged above, yet failed to act promptly to prevent or end the harassment and discrimination.

83.     As a proximate result of Defendants' unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Discrimination based upon Sex in Violation of NYCHRL)

84.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

85.     At all times relevant to this action, Defendants were an employer within the meaning of NYCHRL, and Plaintiff was an employee entitled to protection in her employment from discrimination based upon sex within the meaning of NYCHRL.

86.     But for Plaintiff being a woman, and therefore a member of a protected class pursuant to NYCHRL, she would not have been subjected to discrimination based upon her sex.

87.     Plaintiff was qualified to hold her position of employment with Defendant and had satisfactorily performed the duties required by her position of employment with Defendant.

88.     Pursuant to the unlawful acts and practices of Defendants as alleged above, Plaintiff was mistreated in her employment due to her sex

89.     Moreover, Plaintiff was terminated from her employment for no legitimate, non discriminatory reason, as alleged above.

90.     Defendant knew or should have known of the unlawful acts and practices as alleged above, yet failed to act promptly to prevent or end the harassment and discrimination.

91.     As a proximate result of Defendants' unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Discrimination based upon National Origin and Ethnicity in Violation of Title VII)

92.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

93.     At all times relevant to this action, Defendants were an employer within the meaning of Title VII, and Plaintiff was an employee entitled to protection in her employment from discrimination based upon national origin and ethnicity within the meaning of Title VII.

94.     But for Plaintiff being born in the Ukraine, and an ethnic Russian, and therefore a member of a protected class pursuant to Title VII, she would not have been subjected to discrimination based upon her national origin and ethnicity.

95.     Plaintiff was qualified to hold her position of employment with Defendants and had satisfactorily performed the duties required by her position of employment with Defendants.

96.     Pursuant to the unlawful acts and practices of Defendants as alleged above, Plaintiff mistreated in her employment due to her national origin and ethnicity.

97.     Moreover, Plaintiff was terminated from her employment for no legitimate, non discriminatory reason, as alleged above.

98.     Defendant knew or should have known of the unlawful acts and practices as alleged above, yet failed to act promptly to prevent or end the harassment and discrimination.

99.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

100.     Defendant acted with malice and/or with reckless disregard for Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Discrimination based upon National Origin and Ethnicity in Violation of NYSHRL)

101.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

102.     At all times relevant to this action, Defendants were an employer within the meaning of NYSHRL, and Plaintiff was an employee entitled to protection in her employment from discrimination based upon national origin and ethnicity within the meaning of NYSHRL.

103.     But for Plaintiff being born in the Ukraine and an ethnic Russian, and therefore a member of a protected class pursuant to NYSHRL, she would not have been subjected to discrimination based upon her national origin and ethnicity.

104.     Plaintiff was qualified to hold her position of employment with Defendant and had satisfactorily performed the duties required by her position of employment with Defendant.

105.     Pursuant to the unlawful acts and practices of Defendants as alleged above, Plaintiff was mistreated in her employment due to her national origin and ethnicity.

106     Moreover, Plaintiff was terminated from her employment for no legitimate, non discriminatory reason, as alleged above.

107.     Defendant knew or should have known of the unlawful acts and practices as alleged above, yet failed to act promptly to prevent or end the harassment and discrimination.

108.   As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

**(Discrimination based upon National Origin and Ethnicity in Violation of NYCHRL)**

109.   Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

110.   At all times relevant to this action, Defendants were an employer within the meaning of NYCHRL, and Plaintiff was an employee entitled to protection in her employment from discrimination based upon national origin and ethnicity within the meaning of NYCHRL.

111.   But for Plaintiff being born in the Ukraine, and ethnically Russian, and therefore a member of a protected class pursuant to NYCHRL, she would not have been subjected to discrimination based upon her national origin and ethnicity.

112.   Plaintiff was qualified to hold her position of employment with Defendant and had satisfactorily performed the duties required by her position of employment with Defendant.

113.   Pursuant to the unlawful acts and practices of Defendants as alleged above, Plaintiff was mistreated in her employment due to her national origin and ethnicity.

114.   Moreover, Plaintiff was terminated from her employment for no legitimate, non discriminatory reason, as alleged above.

115.    Defendant knew or should have known of the unlawful acts and practices as alleged above, yet failed to act promptly to prevent or end the harassment and discrimination.

116.    As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

### SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Hostile Work Environment Sexual Harassment under Title VII)

117.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

118.    Pursuant to Title VII, it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation, ridicule, insult and actions that were sufficiently severe and pervasive enough to alter the conditions of her work environment.

119.    As a female employee of NYU, plaintiff belonged to a protected class.

120.    Plaintiff was subjected to unwelcome sexual harassment, based on her sex.

121.    Based upon defendants' discriminatory and harassing acts and practices as alleged above, the plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, insult and actions that were sufficiently severe and pervasive enough to alter the conditions of her work environment.

18

122.    Defendants condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

123.    Defendants acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under Title VII, and are thereby liable to plaintiff for compensatory damages under Title VII.


### EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Hostile Work Environment Sexual Harassment under NYSHRL)

124.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

125.    Pursuant to the Executive Law it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation, ridicule, insult and action that were sufficiently severe and pervasive enough to alter the conditions of plaintiff's work environment.

126.    As a female employee of NYU, plaintiff belonged to a protected class.

127.    Plaintiff was subjected to unwelcome sexual harassment, based on her sex.

128.    Based upon defendants' discriminatory and harassing acts and practices as alleged above, the plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, insult and actions that were sufficiently severe and pervasive enough to alter the conditions of her work environment.

129.    Defendants condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

130.    Defendants acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under the Executive Law and are thereby liable to plaintiff for compensatory damages under the Executive Law.

## NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Hostile Work Environment Sexual Harassment under NYCHRL)

131.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

132.    Pursuant to the Administrative Code of the City of New York §8-107 *et seq.* it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation, ridicule, insult and action that were sufficiently severe and pervasive enough to alter the conditions of plaintiff's work environment.

133.    As a female employee of NYU, plaintiff belonged to a protected class.

134.    Plaintiff was subjected to unwelcome sexual harassment, based on her sex.

135.    Based upon defendants' discriminatory and harassing acts and practices as alleged above, the plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, insult and action that were sufficiently severe and pervasive enough to alter the conditions of her work environment.

20

136.     Defendants condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

137.     Defendants acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under the Administrative Code of the City of New York §8-107 *et seq.* and are thereby liable to plaintiff for compensatory damages under the Administrative Code.

## TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Quid Pro Quo Sexual Harassment under Title VII)

138.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

139.     Zagag made unwanted sexual advances to plaintiff, and engaged in other unwanted verbal or physical conduct of a sexual nature.

140.     Plaintiff's job benefits were conditioned, by words and conduct, on plaintiff's acceptance of defendant Zagzag's sexual advances and/or conduct, and employment decisions affecting plaintiff were made based on her acceptance or rejection of the alleged conduct.

141.     At the time of the alleged conduct, defendants Zagzag was a supervisor for NYU.

142.     Plaintiff was harmed by the alleged conduct, and the alleged conduct of defendant Zagzag caused the harm.

143.     Defendant condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss

of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

144.    Defendants acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under Title VII, and are thereby liable to plaintiff for compensatory damages under Title VII.

## ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Quid Pro Quo Sexual Harassment under NYSHRL)

145.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

146.    Zagzag made unwanted sexual advances to plaintiff, and engaged in other unwanted verbal or physical conduct of a sexual nature.

147.    Plaintiff's job benefits were conditioned, by words and conduct, on plaintiff's acceptance of defendant Zagzag's sexual advances and/or conduct, and employment decisions affecting plaintiff were made based on her acceptance or rejection of the alleged conduct.

148.    At the time of the alleged conduct, defendants Zagzag was a supervisor for NYU.

149.    Plaintiff was harmed by the alleged conduct, and the alleged conduct of defendant Zagzag caused the harm.

150.    Defendant condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

151.    Defendant acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under the Executive Law and are thereby liable to plaintiff for compensatory damages under the Executive Law.

## TWELVTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Quid Pro Quo Sexual Harassment under NYCHRL)

152.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

153.    Zagag made unwanted sexual advances to plaintiff, and engaged in other unwanted verbal or physical conduct of a sexual nature.

154.    Plaintiff's job benefits were conditioned, by words and conduct, on plaintiff's acceptance of defendant Zagzag's sexual advances and/or conduct, and employment decisions affecting plaintiff were made based on her acceptance or rejection of the alleged conduct.

155.    At the time of the alleged conduct, defendants Zagzag was a supervisor for NYU.

156.    Plaintiff was harmed by the alleged conduct, and the alleged conduct of defendant Zagzag caused the harm.

157.    Defendant condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

158.    Defendant acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under the Administrative Code of the City of New York §8-107 *et seq.* and are thereby liable to plaintiff for compensatory damages under the Administrative Code.

23

**THIRTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

(Hostile Work Environment due to National Origin and Ethnicity under Title VII)

159.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

160.    Pursuant to Title VII it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of her work environment.

161.    Based upon defendant's discriminatory and harassing acts and practices as alleged above, the plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, and insult, due to her national origin and ethnicity, which was sufficiently severe and pervasive enough to alter the conditions of her work environment.

162.    Defendant condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

163.    Defendants acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under Title VII, and are thereby liable to plaintiff for compensatory damages under Title VII.

## FOURTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Hostile Work Environment due to National Origin and Ethnicity under NYSHRL)

164.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

165.    Pursuant to the Executive Law it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of plaintiff's work environment.

166.    Based upon defendant's discriminatory and harassing acts and practices as alleged above, the plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, and insult, due to her national origin and ethnicity, which was sufficiently severe and pervasive enough to alter the conditions of her work environment.

167.    Defendant condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

168.    Defendant acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under the Executive Law and are thereby liable to plaintiff for compensatory damages under the Executive Law.

## FIFTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Hostile Work Environment due to National Origin and Ethnicity under NYCHRL)

169.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

170.     Pursuant to the Administrative Code of the City of New York §8-107 *et seq.* it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of plaintiff's work environment.

171.     Based upon defendant's discriminatory and harassing acts and practices as alleged above, the plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, and insult, due to her national origin and ethnicity, which was sufficiently severe and pervasive enough to alter the conditions of her work environment.

172.     Defendant condoned the discriminatory acts and practices as alleged above, and as a result, the plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employee benefits, and has suffered other monetary and compensatory damages, for *inter alia*, mental anguish, emotional distress, and humiliation.

173.     Defendant acted intentionally and with malice and reckless indifference to plaintiff's statutory rights under the Administrative Code of the City of New York §8-107 *et seq.* and are thereby liable to plaintiff for compensatory damages under the Administrative Code.

26

## SIXTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Retaliation in Violation of Title VII)

174.   Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

175.   At all times relevant to this action, Defendants were an employer within the meaning of Title VII and Plaintiff was an employee entitled to protection in her employment from discrimination based upon sex, national origin and ethnicity within the meaning of Title VII.

176.   Pursuant to the acts and practices of Defendant as alleged above, Plaintiff issued several complaints to her supervisors of the discrimination based on sex, national origin and ethnicity that she was forced to endure, and thus engaged in a protected activity pursuant to Title VII.

177.   Defendant knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the harassment and discrimination.

178.   Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff by failing to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that she suffered and the hostile work environment that was created thereby, and terminated plaintiff's employment.

179.   As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory

damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

180.    Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## SEVENTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Retaliation in Violation of NYSHRL)

181.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

182.    At all times relevant to this action, Defendants were an employer within the meaning of NYSHRL and Plaintiff was an employee entitled to protection in her employment from discrimination based upon sex, national origin and ethnicity within the meaning of NYSHRL.

183.    Pursuant to the acts and practices of Defendant as alleged above, Plaintiff issued several complaints to her supervisors of the discrimination based on sex, national origin and ethnicity that she was forced to endure, and thus engaged in a protected activity pursuant to NYSHRL.

184.    Defendant knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the harassment and discrimination.

185.    Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against

28

Plaintiff by failing to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that she suffered and the hostile work environment that was created thereby, and terminated plaintiff's employment.

186.    As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

187.    Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## EIGHTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Retaliation in Violation of NYCHRL)

188.    Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

189.    At all times relevant to this action, Defendants were an employer within the meaning of NYCHRL and Plaintiff was an employee entitled to protection in her employment from discrimination based upon sex, national origin and ethnicity within the meaning of NYCHRL.

190.    Pursuant to the acts and practices of Defendant as alleged above, Plaintiff issued several complaints to her supervisors of the discrimination based on sex, national origin and

ethnicity that she was forced to endure, and thus engaged in a protected activity pursuant to NYCHRL.

191.   Defendant knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the harassment and discrimination.

192.   Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff by failing to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that she suffered and the hostile work environment that was created thereby, and terminated plaintiff's employment.

193.   As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

194.   Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

(a)    An order declaring that the acts and practices complained of herein are in violation of Title VII, the NYSHRL and the NYCHRL;

(b)    An order enjoining Defendants from engaging in future unlawful acts of discrimination, harassment and retaliation;

(c)    An order compelling Defendants to pay Plaintiff monetary damages for lost past and future wages, in an amount to be determined at trial, caused by Defendants' unlawful actions;

(d)    An order compelling Defendants to pay Plaintiff compensatory damages, in an amount to be determined at trial, as a result of the severe mental anguish, emotional distress, humiliation, and loss of reputation, among other damages, caused by Defendants' unlawful actions;

(e)    An order compelling Defendants to pay punitive damages, in an amount to be determined at trial, to Plaintiff as a result of Defendants' intentional and reckless disregard of Plaintiff's protected civil rights;

(f)    An order awarding Plaintiff such interest as is allowed by law;

(g)    An order compelling Defendants to pay Plaintiff's reasonable attorneys' fees and costs of this action; and

(h)    Any such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action.

Dated: January 19, 2016

New York, New York

Respectfully Submitted,

**LEVINE & BLIT, PLLC**

Russell S. Moriarty, Esq.

*Attorneys for Plaintiff*
350 Fifth Avenue, 36th Floor
New York, New York 10118
Phone: (212) 967-3000
rmoriarty@levineblit.com