USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. IRINA MIKOLAENKO,

                Plaintiff,

-against-

NEW YORK UNIVERSITY, NYU SCHOOL OF
MEDICINE, NYU LANGONE MEDICAL CENTER,
and DR. DAVID ZAGZAG, individually,

                Defendants.

16 Civ. 413 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

     On November 22, 2019, Plaintiff's counsel, Levine & Blit PLLC ("L&B"), filed a motion to withdraw from this action. ECF No. 69. They asserted that withdrawal was necessary in light of Plaintiff's failure to cooperate in the prosecution of her case, and her failure to pay legal fees. Withdrawal Mem. at 1–2, ECF No. 70. Counsel submitted a declaration explaining that withdrawal was necessary because Plaintiff had failed to cooperate in the prosecution of her case; in short, she had avoided extensive efforts by counsel to contact her over a period of nearly eight months. *See* Moriarty Decl. Defendants opposed the motion, arguing that L&B's withdrawal would prejudice them because Defendant's motion for summary judgment was submitted in advance of Plaintiff's counsel's motion to withdraw, and permitting withdrawal would substantially delay resolution of that dispositive motion. Def. Opp. at 1, ECF No. 72. Having considered the parties' submissions, Plaintiff's counsel's motion to withdraw is GRANTED.

    I. Motion to Withdraw

     "When considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 10 Civ. 2333, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014) (internal quotation marks and citation omitted).

     L&B has put forward compelling reasons for withdrawal. "A client's failure to cooperate with his attorney constitutes a satisfactory reason for the attorney's withdrawal." *Liang v. Lucky Plaza Rest.*, No. 12 CIV. 5077, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (collecting cases). Likewise, "it is firmly established that non-payment of legal fees is such a reason under Local Civil Rule 1.4." *Genao v. City of New York*, No. 14 Civ. 8122, 2017 WL 57886, at *2 (S.D.N.Y. Jan. 4, 2017) (internal quotation marks and citations omitted).

     Moreover, granting the motion will not significantly affect the timing of this proceeding. "Although [counsel's] withdrawal will impact the timing of the pending motion practice . . . as another attorney will need some time to become familiar with the litigation, this is not a case that is on the verge of being tried." *Estate of Larry Shaw & Susan Shaw v. Marcus*, No. 14 Civ. 3849, 2016 WL 4679734, at *2 (S.D.N.Y. Sept. 6, 2016). Defendants contend that allowing withdrawal at this stage would prejudice them by delaying resolution of the motion for summary judgment. But, at most, allowing withdrawal will delay resolution of the motion for summary judgment by a

few months while Plaintiff retains new counsel, or decides to proceed *pro se*. Although Defendants point to several cases in which courts in this circuit have denied motions to withdraw filed after the opposing party filed a dispositive motion—*see Hodges v. Attorney Gen. of U.S.*, 976 F. Supp. 2d 480, 488 n.8 (S.D.N.Y. 2013); *Competitive Techs., Inc. v. Marcovitch*, No. 3:07 Civ. 1327, 2008 WL 11381470, at *1 (D. Conn. Aug. 25, 2008)— those cases did not involve the outright failure by a party to cooperate with their attorney. Without their client's cooperation, Plaintiff's counsel would likely not be able to file an adequate opposition to Defendants' motion. By contrast, if Plaintiff retains counsel with whom she will cooperate or files an opposition *pro se*, the Court can swiftly resolve the summary judgment motion based on full and appropriate briefing. And if Plaintiff does not promptly avail herself of the opportunity to retain new counsel or proceed on her own behalf, then the Court may exercise its authority to resolve the unopposed summary judgment motion on its merits without further delay. *See Jackson v. Fed. Express*, 766 F.3d 189, 194–95 (2d Cir. 2014).

## II. Attorney's Lien

Plaintiff's counsel also seeks an attorney's lien to secure payment of fees owed from any eventual recovery by Plaintiff. Withdrawal Mem. at 5–6. "Under New York law, an attorney terminated without cause is entitled to a charging lien to secure payment of reasonable fees and costs." *Brennan v. N.Y. Law Sch.*, No. 10 Civ. 338, 2012 WL 4177736, at *2 (S.D.N.Y. Aug. 15, 2012), *report and recommendation adopted*, 2012 WL 4195826 (S.D.N.Y. Sept. 20, 2012). "When counsel is granted leave to withdraw by the court, the discharge is not for cause." *Katz v. Image Innovations Holdings, Inc.*, No. 06 Civ. 3707, 2009 WL 1505174, at *1 (S.D.N.Y. May 27, 2009). "The lien should be for the fair and reasonable value of the discharged attorney's services, determined at the time of the discharge and computed on the basis of *quantum meruit*." *Brennan*, 2012 WL 4177736, at *2 (internal quotation marks and citation omitted).

However, in this case Plaintiff's counsel has submitted to the Court no estimate of fees owed, much less documentation that would allow the Court to fix the appropriate amount. Accordingly, the motion for a charging lien is DENIED at this time.

## III. Conclusion

L&B's motion to withdraw as counsel is GRANTED.[1] It is ORDERED that by **March 20, 2020**, Mr. Moriarty shall serve this order on Plaintiff by personal service, and by **March 25, 2020**, shall file proof of service on the docket. It is further ORDERED that Mr. Moriarty shall continue to monitor proceedings in this action until the Court directs otherwise.

Plaintiff may either hire new counsel, or proceed *pro se*—that is, on her own behalf, without a lawyer.

If Plaintiff chooses to retain a new attorney, it is ORDERED that she do so by **May 8, 2020**, and that the attorney enter an appearance by that date.

---

[1] The separate motion to withdraw filed by Amanda Slutsky on the ground that she has left L&B, ECF No. 76, is moot.

If Plaintiff chooses to proceed *pro se*, it is ORDERED that by **May 8, 2020**, she shall provide the Pro Se Office for the Southern District of New York with the address and telephone number at which she can be reached by the Court. The Pro Se Office is located at 500 Pearl Street, Room 200, New York, New York 10007. The telephone number for the Pro Se Office is (212) 805-0175.

If Plaintiff does not appear, either through counsel or *pro se*, by May 8, 2020, the Court will consider Defendants' motion for summary judgment to be unopposed. At that time, the Court may also consider whether Plaintiff's failure to participate in this litigation justifies dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to terminate the motions at ECF Nos. 67 and 76, to terminate the appearances of Russell Moriarty and Amanda Slutsky from the docket and remove their names from the ECF distribution list.

SO ORDERED.

Dated: March 9, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge