UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. IRINA MIKOLAENKO,

                Plaintiff,

-against-

NEW YORK UNIVERSITY, NYU SCHOOL OF
MEDICINE, NYU LANGONE MEDICAL CENTER,
and DR. DAVID ZAGZAG, individually,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/29/2020_

16 Civ. 413 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Irina Mikolaenko, M.D., filed this action on January 19, 2016, alleging federal and state employment discrimination claims. ECF No. 1. The case proceeded through discovery, and on October 21, 2019, Defendants filed a motion for summary judgment. ECF No. 64. However, on November 22, 2019, Plaintiff's counsel moved to withdraw, stating that Plaintiff had failed to pay legal fees, and had avoided counsel's efforts to contact her for more than eight months. ECF Nos. 69, 70, 73.

    On March 9, 2020, the Court granted the motion to withdraw. Withdrawal Order, ECF No. 77. The Withdrawal Order explained that Plaintiff had the option to retain new counsel or to continue the action *pro se*. *Id.* at 2. It directed Plaintiff to either retain new counsel or provide the Court with notice that she would be proceeding *pro se* by May 8, 2020, and warned Plaintiff of the consequences of failing to do so:

> If Plaintiff does not appear, either through counsel or pro se, by May 8, 2020, the Court will consider Defendants' motion for summary judgment to be unopposed. At that time, the Court may also consider whether Plaintiff's failure to participate in this litigation justifies dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

*Id.* at 2–3. The Court ordered Plaintiff's counsel to serve the Withdrawal Order on her. *Id.* at 2. On April 24, 2020, Plaintiff's former counsel filed a letter indicating that the order had been served on Plaintiff by delivery to an adult at Plaintiff's residence on March 18, 2020. ECF No. 79.

    Plaintiff did not appear through counsel or *pro se* by May 8, 2020. On May 29, 2020, Defendants sought leave to move for dismissal of this action on account of Plaintiff's failure to prosecute. ECF No. 80. On June 4, 2020, the Court ordered Defendants to file any such motion by July 3, 2020, and Plaintiff to file her opposition by July 31, 2020. ECF No. 81. The Court further ordered Defendants to serve its order on Plaintiff. *Id.* On June 8, 2020, Defendants reported that they had mailed a copy of the Court's order to Plaintiff's address, as disclosed in her April 10, 2019 deposition testimony. ECF No. 82.

On July 2, 2020, Defendants filed their motion to dismiss the action for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 83. On June 6, 2020, Defendants filed an affidavit attesting that their motion was served on Plaintiff by mail. ECF No. 85. Plaintiff did not file any opposition to Defendants' motion.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, Plaintiff has failed to participate in the prosecution of this action for at least 18 months—for eight months prior to her counsel's motion to withdraw in November 2019, and for approximately ten months after her counsel's withdrawal. She has also defied multiple court orders, including the order to appear by May 8, 2020 and the order to file an opposition to Defendants' Rule 41(b) motion. Second, the Court warned Plaintiff that failure to appear in this action could result in dismissal for failure to prosecute. Withdrawal Order at 3. And Defendants' motion to dismiss the action on that basis reiterated that notice. ECF Nos. 83, 84. Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, Plaintiff's unexcused delay has been exceptionally long, and postponed resolution of Defendants' summary judgment briefing, after years of costly discovery and motion practice. Fourth, Plaintiff's non-compliance has impeded this Court's work by depriving the Court of adversarial briefing on Defendant's summary judgment motion, and occasioning a lengthy delay in this litigation as first her attorneys, and then the Court were forced take steps to deal with her absence.

2

Finally, the Court concludes that dismissal with prejudice is warranted.  The Court has considered lesser sanctions, including dismissal without prejudice, and determined that they are not warranted given the egregious nature of Plaintiff's failure to participate in this litigation.  *See Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010).  After forcing Defendants to engage in drawn out litigation since 2016, culminating in the filing of a complex motion for summary judgment, Plaintiff disappeared.  That disappearance has lasted for more than a year.  And Plaintiff has disregarded multiple warnings that failure to prosecute this action would result in dismissal—indeed, she has ignored a formal motion to dismiss on that basis.  Under those circumstances, there is no reason for the Court to afford Plaintiff any further benefit of the doubt.  *See, e.g.*, *Apace Commc'ns, Ltd. v. Burke*, 105 F. Supp. 3d 252, 254–55 (W.D.N.Y. 2015) ("An action may be subject to dismissal with prejudice pursuant to Rule 41(b) for failure to prosecute where the plaintiff has allowed the action to lie dormant for a lengthy period or has engaged in a pattern of dilatory tactics." (internal quotation marks and citations omitted)); *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[Plaintiff's] repeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.").

Accordingly, Defendants' motion to dismiss the case for failure to prosecute is GRANTED.  Defendants' motion for summary judgment is DENIED as moot.  The Clerk of Court is directed to terminate the motions at ECF Nos. 64 and 83, and close the case.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff at the following address:

Dr. Irina Mikolaenko
1574 Brunswick Avenue
Lawrenceville, NJ 08648

SO ORDERED.

Dated: September 29, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge